IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VERNON JOHN BAKER,<br><br>        Plaintiff,<br><br>vs.<br><br>EVELYN GASPAR, RN; LOUIS NURSE SEMEATU, RN; LISA OGATA, RN; COURTNEY MORI, RN; DR. KARL AYER; DR. FRANCIS HAMADA,<br><br>        Defendants. | CIV. NO. 16-00140 JAO-RLP<br><br>**ORDER TO SHOW CAUSE** |

## **ORDER TO SHOW CAUSE**

On March 24, 2016, Plaintiff Vernon Baker filed suit against Evelyn Gaspar, Lisa Ogata, Louis Semeatu, Courtney Mori, Dr. Karl Ayer, and Dr. Francis Hamada.[1]

On August 8, 2017, Magistrate Judge Puglisi issued an order denying Plaintiff's request for entry of default against Defendants Hamada, Gaspar, Ogata, and Ayer. Doc. No. 70 at 4. Judge Puglisi ordered Plaintiffs to provide the addresses of Defendants Gaspar and Ogata so that they could be served. *Id.* On

---

[1] Some defendants were originally named as Doe Defendants and later identified in Plaintiff's Second Amended Complaint. Doc. No. 1, 14.

1

February 20, 2018, Plaintiffs filed a motion to compel discovery of the last known addresses of Defendants Gaspar and Ogata, Doc. No. 115, which was denied on February 23, 2018, because the Department of Public Safety had already informed the Court that it did not possess such information, Doc. No. 116 at 3.

Pursuant to the Federal Rules of Civil Procedure ("FRCP") 4(c)(1), Plaintiff, not the Court, is responsible for serving a summons with the complaint:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal."). FRCP 4(a) establishes the information that a summons must contain. Additionally, a summons must be issued for each defendant to be served. Fed. R. Civ. P. 4(b). There is no evidence in the record that Plaintiff has served a proper summons on Defendants Gaspar and Ogata. Indeed, at the January 18, 2019 hearing on Defendants' Second Motion for Summary Judgment, counsel for Plaintiff confirmed that neither had been served.

FRCP 4 requires a plaintiff to serve the complaint and summons within 90 days after the complaint is filed unless the plaintiff demonstrates good cause to extend the time for service:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Thus, FRCP 4(m) "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay," but it "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original). "In making extension decisions under [FRCP] 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court has broad discretion under FRCP 4(m) to dismiss without prejudice the claims against that defendant. *In re Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001).

Although years have passed since Plaintiff initiated this lawsuit, he has failed to properly serve Defendants Gaspar and Ogata. Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE in writing by **March 8, 2019** why claims against Defendants Gaspar and Ogata should not be dismissed without prejudice for failure to serve pursuant to FRCP 4(m). Plaintiff is warned that failure to respond may

result in dismissal of the claims against Defendants Gaspar and Ogata without prejudice.

IT IS SO ORDERED.

Dated: Honolulu, Hawaiʻi, February 22, 2019.



/s/ Jill A. Otake_____
Jill A. Otake
United States District Judge

CIVIL NO. 16-00324; *BAKER V. GASPAR ET. AL.*; ORDER TO SHOW CAUSE