IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VERNON JOHN BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>EVELYN GASPAR, RN; LISA OGATA, RN,<br><br>Defendants. | CIV. NO. 16-00140 JAO-RLP<br><br>**DISMISSAL ORDER** |

## DISMISSAL ORDER

On March 24, 2016, Plaintiff Vernon Baker filed suit against Evelyn Gaspar, Lisa Ogata, Louis Semeatu, Courtney Mori, Dr. Karl Ayer, and Dr. Francis Hamada.[1]

On August 8, 2017, Magistrate Judge Puglisi issued an order denying Plaintiff's request for entry of default against Defendants Hamada, Gaspar, Ogata, and Ayer. ECF No. 70 at 4. Judge Puglisi ordered Plaintiffs to provide the addresses of Defendants Gaspar and Ogata so that they could be served. *Id.* On February 20, 2018, Plaintiffs filed a motion to compel discovery of the last known

---

[1] Some defendants were originally named as Doe Defendants and later identified in Plaintiff's Second Amended Complaint. ECF No. 1, 14.

1

addresses of Defendants Gaspar and Ogata, ECF No. 115, which was denied on February 23, 2018, because the Department of Public Safety had already informed the Court that it did not possess such information, ECF No. 116 at 3.

On February 25, 2019, the Court issued an order to show cause why claims against Defendants Gaspar and Ogata should not be dismissed without prejudice for failure to serve pursuant to FRCP 4(m). ECF No. 174. The Court warned Plaintiff that failure to respond may result in dismissal of the claims against Defendants Gaspar and Ogata. *Id.* Plaintiff responded to the order to show cause on March 12, 2019. ECF No. 179. The letter outlined Plaintiff's attempts to effectuate service as follows:

- In his Motion Requesting Council (sic), filed on May 16, 2016, Plaintiff requested counsel for various reasons, including his limited ability to investigate the case, finding the names of all appropriate defendants, and the sorting out of the personal involvement of multiple witnesses. *See* Dkt. No. 8. The motion was denied on May 19, 2016.

- Plaintiff attempted to follow the orders for service laid out in Magistrate Judge Richard L. Puglisi's Order Directing Service, filed on May 19, 2016. *See* Dkt. No. 9. Indeed, Plaintiff was able to get a Summons in a Civil Action issued as to Defendants Gaspar and Ogata. *See* Dkt. No. 15 and 17.

- Additionally, Plaintiff filed a Second Amended Complaint on June 29, 2016, once he was able to find out who "Jane Doe" and "Susan Doe" were.

- On March 20, 2017, Plaintiff filed Questions regarding Defendants' Request for Answers to Interrogatories and

2

> Request for Summary Judgment for no reply from Evelyn Gaspar and Lisa Ogata. *See* Dkt. No. 44.

- As the Order, dated March 31, 2017 by Judge Puglisi indicates, Plaintiff did seek diligently to find contact information for Defendants Gaspar and Ogata, but the answer was that they were not employed by the Department of Public Safety and they did not have contact information for them. *See* Dkt. No. 46; *also* Dkt. No. 22.

- On July 30, 2018, the Clerk of Court issued Plaintiff a subpoena to compel the Department of Public Safety for the names and contact information for the *contracting agencies* used for Defendants Gaspar and Ogata.

- On August 28, 2018, Plaintiff filed a Motion for Extension to Join Additional Parties and Request for Time for the Department of Public Safety to Respond to Subpoenas Issued July 30, 2018. *See* Dkt. No. 150 and Judge Puglisi's Order Regarding the motion, filed on September 4, 2018, Dkt. No. 151.

ECF No. 179 at 2–3. For the reasons stated in Plaintiff's response to the order to show cause, the Court granted Plaintiff's request for additional time to effectuate service until June 1, 2019. ECF No. 186. Plaintiff failed to serve Defendants Gaspar and Ogata by the deadline.

Pursuant to the Federal Rules of Civil Procedure ("FRCP") 4(c)(1), Plaintiff, not the Court, is responsible for serving a summons with the complaint:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal."). FRCP 4(a) establishes the information that a summons must contain. Additionally, a summons must be issued for each defendant to be served. Fed. R. Civ. P. 4(b).

FRCP 4 requires a plaintiff to serve the complaint and summons within 90 days after the complaint is filed unless the plaintiff demonstrates good cause to extend the time for service:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Thus, FRCP 4(m) "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay," but it "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original). "In making extension decisions under [FRCP] 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Where a plaintiff does not show good cause for failing to

4

timely serve a defendant, the district court has broad discretion under FRCP 4(m) to dismiss without prejudice the claims against that defendant. *In re Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001).

After receiving an extension of time to file service, Plaintiff still failed to properly serve Defendants Gaspar and Ogata. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to *sua sponte* dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

Although the Court recognizes that Plaintiff is proceeding *pro se*, he is not exempt from complying with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes."). In light of Plaintiff's failure to serve Defendants more than three years after commencement of this suit, the Court finds dismissal of this action is appropriate. Accordingly, Plaintiff's claims against Defendants Ogata and Gaspar are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: Honolulu, Hawaiʻi, August 28, 2019.



　/s/　Jill A. Otake_____
Jill A. Otake
United States District Judge

CIVIL NO. 16-00140; *BAKER v. GASPAR*; DISMISSAL ORDER